**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KLINKY, LLC

Plaintiff,

v.

DAVE MILLER, REAL ESTATE REFERRAL KEYS, AND WWW.REFERRALKEYS.COM

Defendants.

Civil Action No. ________________

JURY TRIAL DEMANDED

**VERIFIED COMPLAINT FOR PATENT INFRINGEMENT, FALSE ADVERISTING AND/OR UNFAIR COMPETITION**

Plaintiff Klinky. LLC ("KLLC"), for its Complaint against the above-named defendants, hereby alleges and avers as follows:

## PARTIES

1. Plaintiff KLLC is a Georgia corporation with a place of business at 1200 Ashwood Parkway, Suite B100, Atlanta, GA 30338.

2. On information and belief, Defendant Dave Miller is an individual that resides in Arizona.

3. On information and belief, Defendant Real Estate Referral Keys is a commercial entity that has a place of business in Arizona but transacts business in Georgia.

4. On information and belief, Defendant www.referralkeys.com is an active and interactive website accessible at www.referralkeys.com, and is operated by Defendant Dave Miller and/or the commercial entity Real Estate Referral Keys. The website www.referralkeys.com is accessible in Georgia and this judicial District.

**JURISDICTION AND VENUE**

5. This Action arises under 35 U.S.C. §1 *et. seq.*, including 35 U.S.C. §§271, 281, 283, 284 and 285, 15 U.S.C. §1125, and State law. Accordingly, this Court has subject matter jurisdiction over the claims of this Action under 28 U.S.C. §§1331 and 1338. In addition, this Court has subject matter jurisdiction over the Lanham Act claims under 28 U.S.C. §1331, and has subject matter jurisdiction over the State law claims under the doctrine of supplemental jurisdiction in that the State law claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

6. On information and belief, this Court has personal jurisdiction over the Defendants, and each of them, because they are transacting business and/or have transacted business in the State of Georgia and in this District, or because

they have committed a tortious act or omission within this State, or because they have committed a tortious injury in this State caused by an act or omission outside of this State and they at least regularly solicit business in this State, or engage in other courses of conduct in this State.

7. More particularly, on information and belief, Defendants Dave Miller and/or Defendant Real Estate Referral Keys operate a website at www.referralkeys.com, which is an active and interactive website that solicits customers in Georgia and from which Georgia customers in this District can order and receive custom made keys and is operated by Defendants Dave Miller and/or Defendant Real Estate Referral Keys. The website www.referralkeys.com provides an "order form" from which persons in Georgia and in this District could order keys for delivery to such persons in Georgia. Exhibit A hereto constitutes a true and correct copy of said "order form," found at http://www.referralkeys.com/order-now2.html. Moreover, said "order form" is interactive at least in that it is capable of facilitating a commercial transaction with Georgia customers, including with customers in Georgia and in this District. As set forth herein, Klinky is aware that a third party Georgia consumer ordered keys from said website, and received keys in Georgia pursuant to said order.

8. Yet further, the website domain name www.referralkeys.com is registered to a private organization "DomainByProxy.com" of Scottsdale, Arizona.

Exhibit B. On information and belief, DomainByProxy.com is an internet company that offers domain privacy services such that the domain owners' personal information is kept secret. On information and belief, the domain www.referralkeys.com is owned or operated by Dave Miller, as reflected in a "Facebook" page and video of Mr. Miller.

9. Still further, despite repeated communications, as explained in Paragraphs 12-34 hereinbelow, neither Mr. Miller nor Real Estate Referral Keys has provided information detailing a specific geographic location by which either could be identified or contacted or served, other than an e-mail address of davymiller@gmail.com and the phone number 480-349-7439. Accordingly, on information and belief, Dave Miller and Real Estate Referral Keys and the website www.referralkeys.com have attempted to conceal information concerning their respective identities and avoid service of process. On further information and belief, service of process of this Complaint can be effected for all Defendants, including each of them by email to daveymiller@gmail.com.

10. On information and belief, this Court can assert and has *in rem* jurisdiction over the website www.referralkeys.com. Moreover, the assertion of *in rem* jurisdiction over said website by the Court is appropriate in view of Defendants' actions, including those of Dave Miller and Real Estate Referral Keys, and specifically including their failure to provide appropriate contact information.

11. In view of Defendants' interactive website, the fact that such a website effectively establishes a presence in Georgia, the sale of infringing keys to a Georgia resident, and the sale of infringing keys outside the State of Georgia in a manner that harms a Georgia-based company (KLLC), venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff KLLC a closely held business based in Georgia that provides custom keys having a distinctive ornamental design. KLLC offers and sells said custom ornamental keys over the Internet at its website www.klinky.com.

13. On October 28, 2002, KLLC's predecessor-in-interest filed U.S. Design Patent Application No. 29/169,809 with the United States Patent and Trademark Office ("PTO"), seeking Design letters patents for the ornamental design of a domed key.

14. On July 6, 2004, Application Serial Number 29/169,809 issued as U.S. Design Patent No. D492,574, entitled "Key Having Transparent Plastic Design on Bow for Covering Decorative Indicia." A true and correct copy of this patent is attached as Exhibit C.

15. U.S. Design Patent No. D492,574 claims the ornamental design for a key having a transparent plastic dome on bow for covering decorative indicia, as shown and described.

16. On May 24, 2004, KLLC's predecessor-in-interest filed U.S. Design Patent Application Serial No. 29/205,955 with the PTO, seeking Design letters patent for the ornamental design of a domed key.

17. On February 22, 2005, Application Serial No. 29/205,955 issued as U.S. Design Patent No. 502,088, entitled "Key Having Transparent Plastic Domes on Bow for Covering Decorative Indicia." A true and correct copy of this patent is attached as Exhibit D.

18. Both U.S. Design Patent Nos. 492,574 and 502,088 claim the ornamental design for a key as shown in the respective patents.

**DEFENDANTS' INFRINGING ACTS AND PRODUCTS**

19. On information and belief, the above-named Defendants have offered and/or sold, in Georgia and elsewhere, infringing keys, including on the website www.referralkeys.com, having KLLC's distinctive ornamental design.

20. On information and belief, at least prior to February of 2017, Defendants, and each of them, offered for sale and sold domed keys that infringe either the '574 Patent or the '088 Patent. An example of a portion of Defendant's website www.referralkeys.com prior to February 2017 is shown at Exhibit E. On information and belief, said website included an "Order Now" page that provided an "Order Form" and a "Buy Now" feature that allowed a purchaser to complete a financial transaction via the Internet using a credit card. On further information and

belief, if a purchaser clicked the "Visa" Credit Card icon on the website order page, the purchaser was provided with a "PayPal" account screen that identified an email address "daveymiller@gmail.com." On further information and belief, purchasers have purchased keys from www.referralkeys.com. Thus, the www.referralkeys.com website was interactive.

21. On information and belief, the Defendants, and each of them, at least prior to February of 2017, have offered for sale and sold keys having transparent plastic domes on the bow for covering decorative indicia that were substantially similar to the key shown in at least the '574 Patent. Moreover, on information and belief, such keys were offered by the Defendants, and each of them, at the website www.referralkeys.com and other social media. For example, a true and correct copy of "Dave Miller's" Facebook page dated October 3, 2016, also showing domed keys, is attached as Exhibit F.

22. Also, prior to February, 2017, a third party customer in Georgia utilized the website www.referralkeys.com to purchase domed keys. Said keys were delivered to this Georgia customer, in Georgia, and included a transparent plastic dome on the bow that was substantially similar to the design shown in the '574 Patent. A photograph of such keys as purchased by said Georgia customer is shown in Exhibit G.

23. On February 3, 2017, counsel for KLLC wrote to "Dave Miller, Real Estate Referral Keys, 2046 S Warren, Mesa Arizona," informing of the '574 and the '088 Patents and noting that certain keys displayed at the website http://referralkeys.com "are substantially similar in appearance to Klinky's '574 Patent." The February 3, 2017 correspondence, a copy of which is attached as Exhibit H, offered a license under KLLC's '574 and '088 Patents, and included a draft license agreement for consideration.

24. None of the Defendants responded to the February 3, 2017 correspondence.

25. On February 22, 2017, counsel for KLLC again wrote to "Dave Miller, Real Estate Referral Keys, 2046 S Warren, Mesa, Arizona." That correspondence was sent to the e-mail address dave@referralkeys.com. A copy of counsel's February 22, 2017 letter is attached as Exhibit I.

26. On March 17, 2017, Defendant Dave Miller responded by e-mail to counsel for KLLC. A copy of that response is attached as Exhibit J. Mr. Miller's response did not include a "physical address" or other geographic indicia. Mr. Miller's response indicated, among other things, that Mr. Miller "make[s] many dome [sp] products." Mr. Miller also indicated his understanding that at least one of the KLLC patents "expires in a year."

27. On March 17, 2017, counsel for KLLC wrote again to Mr. Miller, at the address "daveymiller@gmail.com." A copy of that correspondence is attached as Exhibit K. In that correspondence, counsel for KLLC stated that the matter needed to be resolved promptly.

28. On March 20, 2017, Mr. Miller again responded to counsel for KLLC, stating:

> After thinking about it, I have decided to stop selling these keys. I took down the website.

A true and correct copy of Mr. Miller's March 20, 2017 response is attached as Exhibit L. On information and belief, the Defendants, at least temporarily, "took down the website" www.referralkeys.com. Defendant Dave Miller has otherwise represented that he is no longer selling infringing keys.

29. On April 3, 2017, counsel for KLLC wrote to Mr. Miller at the e-mail address daveymiller@gmail.com. By that letter, KLLC offered to resolve the matter in view of Mr. Miller's statement that he had decided to stop selling infringement domed keys, and take down the subject website. More particularly, KLLC offered a resolution based on, in part, a nominal payment of $1.00.

30. However, despite Mr. Miller's representation to the contrary, and on information and belief, KLLC has recently learned that Defendants have activated the www.referralkeys.com website. For example, screen shots of the website www.referralkeys.com as of May 10, 2017 and as of June 2, 2017 are attached as

Exhibit M. As shown, the present version of the subject website includes photographs of the same domed keys previously offered or the same type of keys with a dome which were previously identified by Mr. Miller as such. Despite representations to the contrary, it appears that Defendants are again at least offering for sale domed keys that are substantially similar to the designs shown in either of the '574 or the '088 Patents.

31. Alternatively, if Defendants have stopped offering for sale domed keys that are substantially similar to the designs shown in the '574 or the '088 Patents, Defendants, and each of them, are falsely advertising products for sale at the website www.referralkeys.com given the similarity of what is presently shown on said website to what was shown prior to February of 2017.

32. The Defendants, and each of them, on information and belief, are either offering domed keys contrary to Mr. Miller's representations to KLLC, or are falsely advertising that they are offering domed keys in competition with KLLC when in fact the Defendants do not offer a domed key.

33. On information and belief, the Defendants, and each of them, will continue either to offer domed keys covered by one or more of the claims of the '574 or the '088 Patents, or to falsely advertise that they are offering domed keys in competition with KLLC when in fact the Defendants do not offer such keys, unless ordered to stop doing so by this Court.

34. The Defendants, including each of them and Mr. Miller and www.referralkeys.com, have refused KLLC's offer of a license.

**COUNT I**
**INFRINGEMENT OF 'D574 PATENT**

35. Plaintiff repeats and realleges the allegations of paragraphs 1-34 herein.

36. Pursuant to 35 U.S.C. § 287, the Defendants, and each of them, have had notice of the '574 and '088 Patents since at least as early as the February 3, 2017 by letter (Exhibit H). Further, Klinky has marked its products with said patent numbers.

37. On information and belief, Defendants have infringed and/or continue to infringe, without license from Plaintiff, at least one of either the '574 or the '088 Patents, or both, under 35 U.S.C. § 271(a), by at least offering to sell in the United States one or more keys having a transparent plastic design on the bow for covering decorative indicia, including as shown at the website www.referralkeys.com.

38. On information and belief, Defendants have induced and/or continue to induce, without license from Plaintiff, others (e.g. third party re-sellers) to infringe at least one of either the '574 or the '088 Patent under 35 U.S.C. § 271(b). On information and belief, despite knowledge of Klinky's patent rights, Defendants either store or have stored for customers keys having a transparent

plastic design on the bow for covering decorative indicia that can still be obtained and used by their parties.

39. Further, on information and belief, Defendants are currently offering the same keys, or the same type of keys, at the website www.referralkeys.com, as were offered and sold prior to February, 2017, which Defendant Miller stated to be domed keys.

40. As a direct and proximate consequence of the acts and practices of the Defendants, and each of them, KLLC has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no case less than a reasonable royalty.

41. As a direct and proximate consequence of the acts and practices of Defendants, KLLC has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to KLLC for which it is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

42. On information and belief, Defendants' (and each of them) acts of infringement are intentional and willful and "exceptional" pursuant to 35 U.S.C. § 285.

## COUNT II

## FALSE ADVERTISING/ FEDERAL UNFAIR COMPETITION

43. KLLC repeats and realleges the allegations of Paragraphs 1-42 above, as if set forth fully herein.

44. By advertising or continuing to advertise at the website www.referralkeys.com the same keys or same type of keys previously offered or sold as domed keys, but in the event the actual key or keys offered for sale and/or sold by the Defendants do not include a dome, the Defendants, and each of them, are making false and/or misleading representations regarding the nature, characteristics or qualifies of Defendants' keys in their promotion thereof, in violation of 15 U.S.C. §1125(a).

45. The Defendants' actions, and the actions of each Defendant, demonstrate an intentional, willful, and bad faith aim to deceive the public and to harm KLLC's business and goodwill.

46. The Defendants' actions, and the actions of each Defendant, have caused, and are continuing to cause, direct, proximate and substantial injury to the public and to KLLC, and unless restrained by this Court, will continue to cause KLLC irreparable injury.

47. KLLC has no adequate remedy at law for such violations of 15 U.S.C. § 1125(a).

48. KLLC is entitled to recover the Defendants' profits, KLLC's damages, and KLLC's attorneys' fees, costs and expenses in this action, pursuant to 15 U.S.C. §§ 1125(a) and 1117.

**COUNT III**

**UNFAIR COMPETITION UNDER STATE LAW**

49. KLLC repeats and realleges the allegations of Paragraphs 1-42 above, as if set forth fully herein.

50. By advertising or continuing to advertise the same keys or same types of keys at the website www.referralkeys.com, but in the event actual key or keys offered for sale and/or sold by the Defendants do not include a dome, the Defendants, and each of them, have been causing a likelihood of confusion or misunderstanding as to the nature of their goods, and causing a likelihood of confusion as to the Defendants' affiliation, connection, or association with KLLC, and otherwise damaging the public.

51. By advertising or continuing to advertise the same keys or same types of keys at the website www.referralkeys.com, but in the event actual key or keys offered for sale and/or sold by the Defendants do not include a dome, the Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Georgia's Unfair and Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 to 10-1-375 (2009).

52. KLLC is entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees as a result of the foregoing.

53. KLLC has no adequate remedy at law for the Defendants' acts of unfair and deceptive acts or practices in the course of a business, trade or commerce.

**COUNT IV**

**USE OF DEVICE IN VIOLATION OF O.C.G.A. §23-2-55**

54. KLLC repeats and realleges the allegations of Paragraphs 1-42 hereinabove.

55. As the owner of the '574 and '088 Design Patents, KLLC inform the public that its products are patented including by means of notice.

56. By advertising or continuing to advertise the same keys or the same type of keys that the Defendants at least previously offered as domed keys (and thus infringed either of Klinky's '574 and/or '088 Design Patents), but in the event that the actual key or keys offered for sale and/or sold by the Defendants do not include a dome, the Defendants and each of them have used a device with the intention of misleading the public, and thus committed a fraud for which equity will grant relief under O.C.G.A. §23-3-55. KLLC is thus entitled to equitable relief.

57. KLLC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, as relief, Plaintiff respectfully prays for a judgment against Defendant as follows:

A. A judgment that Defendant has infringed one or more claims of KLLC's asserted design patents;

B. An order and judgment preliminarily and permanently enjoining Defendants and each of their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privately or in concert with them, and any parents, subsidiaries, divisions, successors and assigns from further acts of infringement of KLLC's asserted design patents;

C. A judgment awarding KLLC all damages adequate to compensate for Defendant's infringement of KLLC's asserted design patents, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D. A judgment awarding KLLC all damages, including under 35 U.S.C. §284 and 15 U.S.C. §1117 and any applicable State laws, further including State treble damages, based on any infringement found to be

willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

E. Grant KLLC its costs and attorneys' fees, including declaring this to be an "exceptional" case entitling KLLC to an award of its reasonable attorney fees, expenses and costs in this action as well as pre-judgment and post judgment interests under federal and/or state law;

F. Grant damages associated with Defendant's infringing activities that are enhanced where allowed by law as a result of Defendant's actions complained of herein;

G. Award KLLC prejudgment and post-judgment interest to the extent authorized by law for each and every violation of the Lanham Act and/or State statute and/or common law for false advertising and/or unfair competition;

H. Grant KLLC temporary, preliminary, and permanent injunctive relief to restrain and otherwise prohibit the Defendants' and each of their violations of the Patent Act, Lanham Act and/or violations of any applicable State statute and/or violations of any State common law; and

I. Grant KLLC such other and further relief as this Court may deem just and equitable.

**JURY DEMAND**

Klinky, LLC demands a trial by jury on all issues so triable.

Respectfully submitted, this 14th day of June, 2017.

MEUNIER CARLIN & CURFMAN LLC

Stephen M. Schaetzel
Georgia State Bar No. 628653
Walter Hill Levie III
Georgia State Bar No. 415569

*Counsel for Plaintiff*
*Klinky, LLC*

999 Peachtree Street, N.E.
Suite 1300
Atlanta, GA 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KLINKY, LLC<br><br>Plaintiff,<br><br>v.<br><br>DAVE MILLER, REAL ESTATE REFERRAL KEYS, AND WWW.REFERRALKEYS.COM<br><br>Defendants. | Civil Action No. ____________<br><br>JURY TRIAL DEMANDED |

**VERIFICATION OF COMPLAINT FOR PATENT INFRINGEMENT, FALSE ADVERTISING AND/OR UNFAIR COMPETITION**

I, Bradley Noble, declare as follows:

1. I am Bradley Noble, a resident of Georgia and an officer of Klinky, LLC, Plaintiff in the above-styled action.

2. I verify under penalty of perjury per 28 U.S.C. §1746 that, to the best of my knowledge and belief, the factual statements in the Verified Complaint for Patent Infringement, False Advertising and/or Unfair Competition are true and correct as to Klinky, LLC.

Executed on June 7th, 2017.

[signature]

Bradley Noble