To whom it may concern This document was sent back to me because the address was changed.

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC - 5 2017

JAMES N. HATTEN, Clerk
By: *[signature]* Deputy Clerk

IN THE UNITED STATES DISTRICT C
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE 1:17-cv-02217-TWT

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC -5 2017

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

To whom it may concern,
I the defendant Dave Miller would like to explain why this action should be dismissed. From May 1. 2006 to Sept 2009 I had two key stores located on carts in two malls in Maryland. I sold both store and started selling business opportunities to people interested in key duplication. There were about 9 stores and we bought hundreds of klinky keys through a distributor Key Wholesales out of Philadelphia Pa who is out oif business. .We were a big seller of their keys. The original owner and I got along very well.
For ten years we make keys as well. I search to see if there was a patient and couldn't find anything. I know the owner knew we were making keys with domes and never said a thing to me. He was selling unique designs like " shop till you drop" So all that time not a word was spoken to me that I was violating anything. At some point he sold his business because it was not doing well. The next owner did very little with the business.

I am retired. I started selling real estate referral keys with the Dome the klinky has a patent on. Klinky placed a order with me for 24 keys and I sent that to them. Then I get a letter from Klinky's attorney that I am violating their patent.. After seeing the actual documents I discovered it was true. This owner of Klinky I don't think has owned it for more than 15 months. Klinky never sent a cease and desist letter. Klinky wanted me to become a licensee. They sent a document that wanted me to be committed to the license for seven years. They wanted 40K up front I sold very little product. Klinky's patent is up on July 2018. I informed Klinky I would no longer make keys with domes on them. I have not made any keys with domes since I received their letter. In April .

The main for the owner of Klinky is a company called Noble. This company trolls for old patents and then strong arms people with threats and lies and intimidation.till they submit. I have no money for a attorney. I deliver food for Uber Eats

I am retired and I'm a type 1 diabetic with neuropathy and limited to what I can do. Klinky is a company that just wants to extort money. I don't think I've done $1000. In sales this year. Other than Klinky that was the only online sale I had. The rest came from talking to realtors. Klinky took the images i Had on the internet and sent letters to

The customers I had telling them that the product I sold them was illegal never stating that I only found out from them a few weeks before.

You will see that on the referral key website Exhibit B It says that I am no longer in business.and refer them to kinky with a link to klinky's website. Klinky wants me to sign a document stating I won't make another key for seven years and if I do I will have to pay them $200,000 dollars. Again. The patent is up this July 2018. A precedent was set by no one ever letting me know there was a patent for ten years. I have done nothing wrong. I volunteered and stopped making the keys the day I was made aware.
Klinky has constantly harassed me and my diabetic numbers have been out of control..
The decorative keys have fallen out of favor. Many companies make decorative keys not with domes but with plastic melted on the surface and with labels. Klinky wanted me to sign a licensed agreement that goes 6 years beyond the patent which is extortion. I Klinky wants me to sign that I won't sell another key which I don't intend to I can pay them a penny under the threat that if I do I will have to pay them $200K for seven years.( I don't think this legal)

In conclusion Klinky has harassed me and bullied me. They purposely left out that I had completely closed my business down and sent any future customers to them. They also did not include the proposals they made either. They never made mention that no one had ever contacted me in ten years so how was I to know I was doing anything wrong.I have social security and now I am photographing sports teams part time and do Uber eats delivery. Exhibit A shows just how unreasonable Klinky is with their exhortion demands. Who in their right mind would enter into an agreement with them,

It is for these reason this case has no merit and should be thrown out

David Miller

**MEUNIER CARLIN & CURFMAN LLC**

INTELLECTUAL PROPERTY LAW

*EXHIBIT A*

Stephen M. Schaetzel
Direct 404.645.7724
sschaetzel@mcciplaw.com

April 3, 2017

eMail: *daveymiller@gmail.com*

Dave Miller
Real Estate Referral Keys

   Re: U.S. Design Patent Nos. 492,574 and 502,088

Dear Mr. Miller:

  Further to our recent email message, we have had a chance to discuss this matter with our client. Klinky stands ready to resolve the matter based on either of the alternative proposals herein below.

  At the outset, we gratefully acknowledge that you have taken down the Real Estate Referral Keys ("RERK") website. We trust that you will likewise take down the RERK Facebook page, and any other social media or other public offering of keys that are covered by our client's design patents referenced above.

  Klinky appreciates your disclosure of previous key sales. We understand that you have been active in the key industry for several years, and are willing to stop making keys that are covered by either U.S. Design Patent Nos. 492,574 or 502,088. In view thereof, Klinky offers to resolve this matter based on either of the following alternative proposals:

   Proposal 1: Klinky will agree to waive any and all damages and covenant not to sue in exchange for your agreement to provide a list of RERK's customers (name and address) and not to make keys covered by either patent for a period of seven (7) years. The cash consideration for this agreement would be nominal -- $1.00. However, if you were to breach the agreement, you would agree to a payment of $200,000.

   Proposal 2: Alternatively, Klinky will agree to waive any and all damages and grant you a non-exclusive license under the patents at a royalty rate of eight percent (8%) of gross sales and annual minimum gross sales amount of $40,000.00. In view of Klinky's waiver of damages and provision of know-how, the agreement would extend for a period of seven (7) years. The other terms of this agreement would track that already provided in the draft license agreement.

April 3, 2017
Page 2

    This offer is made without prejudice to any right or remedy of Klinky, is subject to the parties executing a written settlement agreement and is open for five (5) business days. We look forward to hearing from you.

                                      Sincerely,

                                      Stephen M. Schaetzel
                                      Principal

SMS:tla

EXHIBIT B

Home

## Referral Keys
## We are no longer in business. I recomend Klinky Keys
## They make High Quality Domed Keys.
## Go to klinky.com

**Klinky Keys**

This is the the only page on my website. I clearly states I am no longer in business and recomend and link Klinky's website.

3Case 1:17-cv-02217-TWT  Document 9  Filed 12/05/17  Page 7 of 8
Case 1:17-cv-02217-TWT  Document 1-4  Filed 06/16/17  Page 2 of 3

US00D492574S1

(12) **United States Design Patent** (10) Patent No.: **US D492,574 S**
Asmerian (45) Date of Patent: ** **Jul. 6, 2004**

*Expires July 6, 2018*

(54) **KEY HAVING TRANSPARENT PLASTIC DOMES ON BOW FOR COVERING DECORATIVE INDICIA**

(76) Inventor: **Vick Asmerian**, 5307 Auckland Ave., Apt. 4, North Hollywood, CA (US) 91601

(**) Term: **14 Years**

(21) Appl. No.: **29/169,809**

(22) Filed: **Oct. 28, 2002**

(51) LOC (7) Cl. ................................................... **08-07**
(52) U.S. Cl. ....................................................... **D8/347**
(58) Field of Search ........................ D8/347, 343, 348; 70/336, 343, 346, 348, 387, 393, 405, 407

(56) **References Cited**
U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,349,589 A | * 10/1967 | Fricke | 70/395 |
| D252,732 S | * 8/1979 | Price | D8/347 |
| 4,376,381 A | * 3/1983 | Muus | 70/337 |
| D307,863 S | * 5/1990 | Boag | D8/347 |
| 5,016,455 A | * 5/1991 | Hennessy | 70/493 |
| D332,388 S | * 1/1993 | Marotto | D8/347 |
| D439,134 S | * 3/2001 | Almblad | D8/347 |

* cited by examiner

*Primary Examiner*—Prabhakar Deshmukh
(74) *Attorney, Agent, or Firm*—Timothy Thut Tyson; Freilich, Hornbaker & Rosen

(57) **CLAIM**

The ornamental design for a key having transparent plastic domes on bow for covering decorative indicia, as shown and described.

**DESCRIPTION**

FIG. 1 is a front elevation view of a key having transparent plastic domes on bow for covering decorative indicia showing my new design, the rear elevation view being a mirror image thereof;

FIG. 2 is a side elevation view thereof, the opposite side elevation view being the same;

FIG. 3 is a top plan view thereof; and,

FIG. 4 is a bottom plan view thereof.

The broken line showing of a decorative indicia is for illustrative purpose only and form no part of the claimed design. The broken line in the key defines the bounds of the claimed design.

**1 Claim, 1 Drawing Sheet**



S0000100000014

EP14F July 2013
OD: 12.5 x 9.5

**PRIORITY MAIL**

DATE OF DELIVERY SPECIFIED*
USPS TRACKING™ INCLUDED*
INSURANCE INCLUDED*
PICKUP AVAILABLE
  Domestic only
WHEN USED INTERNATIONALLY,
CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


CLEARED
DEC -5 2017
U.S. Marshals
Atlanta Ga.

1935 S SUNNYVALE Apt 2196
MESA AZ 85206-6826

FR Env
COMMERCIAL BASE PRICING
062S0009099410
12/01/2017
stamps.com



**PRIORITY MAIL 2-DAY™**
US POSTAGE & FEES PAID      0004

**District Court case 1:17cv2217**
**75 Ted Turner Drive SW**
**Atlanta GA 30303-3315**

USPS TRACKING #



9405 5118 9956 0841 7527 62


UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.